## Commonwealth v. Joseph W. L. Gallagher, Appellant.

*Criminal law—Conviction on defective count—Appeal.*

A count in an indictment charging the carrying of a deadly weapon with no averment of concealment or malicious intent is ill pleaded and charges no offense.

The record showing conviction on a count charging no offense, although the case was tried as if this count was not involved, the appellate court must reverse because of this defect.

Argued Oct. 24, 1898. Appeal, No. 21, Feb. T., 1897, by defendant, from sentence of Q. S. Clearfield Co., May Sess., 1894, No. 46, on verdict of guilty. Before RICE, P. J., REEDER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Indictment for carrying concealed deadly weapons, carrying deadly weapons, and assault. Before GORDON, P. J.

It appears from the record that the indictment in this case contained three counts: the first charges the statutory offense under the act of 1876 carrying concealed deadly weapons with intent, etc. The second count charges simply the carrying of a deadly weapon, to wit: "a revolver," a "pistol, revolver, dirk-

knife and slung shot" without any averment that they were concealed, or that they were carried with "intent therewith unlawfully and maliciously" to do injury to some person. The third count was for an assault.

The jury found a verdict of guilty on second count of indictment upon which verdict sentence was entered. Defendant appealed.

*Errors assigned* were (1) in overruling defendant's motion in arrest of judgment. (2) In passing sentence on defendant as he was convicted of no crime.

*A. L. Cole,* with him *H. A. Moore,* for appellant.—We have been unable to find any act of assembly making the offense as charged in the second count of the indictment and one punishable by law and we ask that this sentence be arrested.

*A. H. Woodward,* district attorney, for commonwealth.—The only counts submitted to the jury were that charging carrying concealed weapons and that charging assault. The court and jury regarded the count charging assault as the second count, and rendered verdict accordingly. The defendant was clearly guilty, and was properly convicted, and we submit that the judgment should not be arrested.

OPINION BY WILLIAM W. PORTER, J., December 15, 1898:

The indictment in this case contains three counts, the first charging the statutory offense of carrying concealed deadly weapons with malicious intent; the second charging the carrying of a deadly weapon with no averment of concealment or malicious intent; and the third charging an assault. The defendant moved in arrest of judgment. The court below refused the motion.

This case discloses one of those accidents that sometimes creep into the trial of a cause despite the care that is exercised in the administration of justice. In this case the second count of the indictment was ill pleaded, charging no crime. When the cause was on trial the learned judge doubtless noticed the defect in the second count and practically ignored it. Throughout his change he treated the cause as if it involved but two

counts, first, for carrying concealed weapons with malicious intent, and second (third count), for an assault. When, however, the jury returned their verdict, it was "guilty on second count." The record is all that we may examine in such a case. The record shows a conviction on a count charging no offense under the law. We are thus obliged to reverse the court below because of this technical defect in the record, and without any expression of our opinion as to what may, or may not have been the intention of the jury in returning their verdict.

The judgment is reversed and the defendant discharged without day.